**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIBERTY  MUTUAL INSURANCE CO.** | : | |
| **Plaintiff** | : | |
| **v.** | : | **3:CV-05-0253** |
| | : | **(CHIEF JUDGE VANASKIE)** |
| **MUSKIN LEISURE PRODUCTS, INC.,** | : | |
| **n/ka Zodiac American Pools, Inc., a** | : | |
| **Delaware Corporation** | : | |
| **Defendant** | : | |

**ORDER**

**September 13, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 4, 2005, Plaintiff Liberty Mutual Insurance Company ("Liberty") initiated this action against Defendant Muskin Leisure Products Inc. ("Muskin") to recover retrospective premiums allegedly owed by Muskin under a series of workers' compensation policies.  (Dkt. Entry 1.)  In its complaint, Liberty asserted a breach of contract claim (Count I) and a quantum meruit claim (Count II), arguing that it would be inequitable for Muskin to enjoy the benefits of Liberty's services without paying for the benefits.  (Id.)

On April 8, 2004, Muskin moved to dismiss Liberty's quantum meruit claim, contending that a quantum meruit claim is improper when a valid contract governs the relationship between the parties and Liberty failed to allege that the workers' compensation policies were invalid. (Dkt. Entry 9.)  This Court granted Muskin's motion, but allowed Liberty to amend its complaint.

(Dkt. Entry 33.)  On June 2, 2005, Liberty filed an amended complaint, again asserting a breach of contract claim (count I) and a quantum meruit claim (count II).  In the amended complaint, Liberty alleged the quantum meruit claim "in the alternative to [the breach of contract claim,] in the event that any, all, or a part of any of the workers' compensation insurance policies and agreements issued by Liberty to Muskin . . . are found to be unenforceable or invalid in any respect."  (Am. Compl. (Dkt. Entry 35) ¶ 16.)  Muskin has again moved to dismiss Liberty's quantum meruit claim (count II).  (Dkt. Entry 46.)

Muskin also filed a counterclaim seeking a declaratory judgment that the workers' compensation policies were ambiguous and unenforceable (count I) and bad faith damages pursuant to 42 PA. CONS. STAT. § 8371 based on Liberty's attempt to collect retrospective premiums that allegedly are not allowed under the policy agreements (count II).  (Dkt. Entry 13.)  Muskin amended its counterclaim on May 17, 2005, though its claims remained chiefly the same.  (Dkt. Entry 28.)  Liberty has moved to dismiss Muskin's bad faith counterclaim (count II). (Dkt. Entry 41.)  Both parties' motions to dismiss have been fully briefed and are now ripe for resolution.[1]

## A.  Standard of Review

In deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure

---

[1]  Also pending at this time is Liberty's motion for summary judgment on its contract claim (Dkt. Entry 62), and Muskin's motion to strike the summary judgment motion.  (Dkt. Entry 67.)  This Order does not affect those motions.

2

12(b)(6), the Court must accept as true all of the factual allegations in the pleading and draw all

reasonable inferences from those facts in the light most favorable to the claimant.  See Unger

v. Nat'l Residents Matching Program, 928 F.2d 1392, 1400 (3d Cir. 1991); Truhe v. Rupell, 641

F. Supp. 57, 58 (M.D. Pa. 1985).  The Court, however, "need not credit a complaint's 'bald

assertions' or 'legal conclusions' when deciding a motion to dismiss."  Morse v. Lower Merion

Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A Rule12(b)(6) motion will be granted "only if it is

clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations."  Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001).  "The issue is

not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence

to support the claims."  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  "The complaint

will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of

the essential elements of the . . . cause of action."  Langford v. Atlantic City, 235 F.3d 845, 847

(3d Cir. 2000).  The Rule 12(b)(6) movant carries the burden of showing the legal insufficiency

of the claims asserted.  See Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).

**B.  Muskin's Motion to Dismiss Liberty's Quantum Meruit Claim**

Muskin argues that Liberty cannot seek relief under the quantum meruit doctrine while

simultaneously alleging that a contract governs the relationship between the parties.  It is true

that a party may not seek relief under the quantum meruit doctrine while also admitting that a

valid contract established the value of the services rendered by that party.  See Hershey Foods

Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987); Constar, Inc. v. National

Distribution Centers, Inc., 101 F. Supp. 2d 319, 324 (E.D. Pa. 2000).  This prohibits a party

from circumventing the contract by seeking a different value for the services using a quantum

meruit theory of recovery.  Otherwise, a party could attract business by offering to provide a

service for a low fee, then claim a higher fee later using the doctrine of quantum meruit.

A different situation exists, though, when a party acts pursuant to a contract that is later

found to be invalid or unenforceable.  In this situation, the other party to the contract may be

unjustly enriched if it is allowed to accept benefits conferred under the contract.  Consequently,

a quantum meruit theory of recovery is actionable in this situation.  See MLEA, Inc. v. Atlantic

Recycled Rubber Inc., No. Civ.A. 02-4393, 2005 WL 1217190, at *4 (E.D. Pa. May 19, 2005)

(allowing an unjust enrichment claim to proceed in the alternative to a breach of contract claim

if the factfinder determined the contract was unenforceable); Shulman v. Continental Bank, 513

F. Supp. 979, 986 (E.D. Pa. 1981) (same).  In this regard, Federal Rule of Civil Procedure

8(e)(2) permits a party to set forth two or more statements of a claim alternatively or

hypothetically, either in one count or in separate counts.  See FED. R. CIV. P. 8(e)(2).

In this case, Liberty principally seeks recovery under the terms of the workers'

compensation policies.  Liberty only seeks recovery under the quantum meruit doctrine "in the

alternative," i.e., in the event that the workers' compensation insurance policies "are found to be

unenforceable or invalid in any respect."  (Am. Compl. (Dkt. Entry 35) ¶ 16.)  Significantly,

4

Muskin asserts in its counterclaim that the workers' compensation policies are unenforceable or invalid.  (Am. Countercl. (Dkt. Entry 28) ¶¶ 14-19); see <u>Armstrong World Industries, Inc. v. Robert Levin Carpet Co.</u>, No. Civ.A. 98-CV-5884, 1999 WL 387329, at *7 (E.D. Pa. May 20, 1999) (dismissing an alternative unjust enrichment claim because neither party alleged that the contract was invalid or unenforceable).  This Court is convinced that Liberty has cured the pleading defect in its original complaint by presenting the factual allegation that the contract may be found invalid or unenforceable to support a <u>quantum</u> <u>meruit</u> claim.  This claim, for sure, could succeed only if it is ultimately determined that a valid contract did not exist between Liberty and Muskin.  See <u>Atlantic Recycled Rubber</u>, 2005 WL 1217190, at *4.  At this stage, though, Liberty has properly plead a <u>quantum</u> <u>meruit</u> claim.  As a consequence, Muskin's motion to dismiss count II of Liberty's amended complaint will be denied.

**C.  Liberty's Motion to Dismiss Muskin's Bad Faith Counterclaim**

In count II of its amended complaint, Muskin alleges that Liberty acted in bad faith under 42 PA. CONS. STAT. § 8371 by attempting to collect retrospective premiums that are not allowed under Muskin's agreement with Liberty.  (Am. Countercl. (Dkt. Entry 28) ¶¶ 20-22.)  Liberty moved to dismiss the claim arguing, among other things,[2] that a bad faith claim premised on

---

[2]  Liberty also argued: (1) the claim is time-barred under the statute of limitations; (2) the economic loss doctrine precludes recovery of tort damages for what essentially amounts to a contract claim; and (3) Liberty's actions were authorized by the agreement with Muskin.  (<u>See</u> Pl.'s Memo. in Supp. Mot. to Dismiss (Dkt. Entry 43).)  Because this Court finds that dismissal of Muskin's claim is warranted on other grounds, these arguments need not be considered.

extracting a higher premium is not actionable under 42 PA. CONS. STAT. § 8371.  (See Pl.'s Memo. in Supp. Mot. to Dismiss (Dkt. Entry 43) at 4.)  According to Muskin, § 8371 only applies to bad faith claims premised on failing to pay insurance claims.

Our Court of Appeals addressed this argument in UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497 (3d Cir. 2004), and found that a bad faith claim under § 8371 cannot rest on an insurer exacting higher premiums.  Id. at 505-506.  The Court explained, "[w]hile the alleged bad faith need not be limited to the literal act of denying a claim, the essence of a bad faith claim must be the unreasonable and intentional (or reckless) denial of benefits."  Id. (internal citations omitted); see also Toy v. Metropolitan Life Ins. Co., 863 A.2d 1, 14 (Pa. Super. Ct. 2004) (denying a § 8371 bad faith claim premised on a marketing scheme because § 8371 only applies to denial of benefits).[3]  Because Muskin does not allege that Liberty denied benefits to Muskin as required by § 8371, this Court will dismiss count II of Muskin's amended counterclaim.

---

[3]  The Supreme Court of Pennsylvania has granted allowance of appeal in Toy to address, *inter alia*, whether the Superior Court's decision conflicts with Pennsylvania law in limiting a claim under 42 PA. CONS. STAT. § 8371 to the unreasonable refusal by an insurance company to pay a valid claim."  584 Pa. 133, 882 A.2d 462 (2005).  In the event that the Superior Court's determination is reversed, Muskin may seek leave to reassert its statutory bad faith claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Muskin's motion to dismiss count II of Plaintiff's amended complaint (Dkt. Entry 46) is **DENIED**.

2.  Liberty's motion to dismiss count II of Defendant's amended counterclaim (Dkt. Entry 41) is **GRANTED**.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge