**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIBERTY MUTUAL INSURANCE CO.** | : | |
| **Plaintiff** | : | |
| v. | : | **3:CV-05-0253** |
| | : | **(JUDGE VANASKIE)** |
| **MUSKIN LEISURE PRODUCTS, INC.,** | : | |
| n/ka Zodiac American Pools, Inc., a | : | |
| Delaware Corporation | : | |
| **Defendant** | : | |

**ORDER**

**July 6, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 31, 2006, Plaintiff Liberty Mutual Insurance Company ("Liberty") moved for summary judgment, asserting that there is no material issue of fact that Defendant Muskin Leisure Products Inc. ("Muskin") breached a series of workers' compensation policies with Liberty. (Dkt. Entry 62.) Muskin has filed a motion to strike evidence that Liberty submitted in support of its motion for summary judgment. (Dkt. Entry 67.) Specifically, Muskin objects to the affidavit of Collete Viola, the exhibits attached to Viola's affidavit, and excerpts from the Retrospective Premium Endorsement and the Pennsylvania Workers Compensation Manual, attached as Exhibits A and B, respectively, to Liberty's motion for summary judgment. The

parties' have fully briefed the matter,[1] and it is now ripe for resolution.

**1. The Affidavit of Viola**

Muskin objects to paragraphs two, four, five, six, seven, and eight of Viola's affidavit as inadmissible opinion testimony, lacking in foundation, or irrelevant. (Mot. Strike (Dkt. Entry 67) at 2.) In paragraph two of her affidavit, Viola states that: (1) she is the Senior Receivables Analyst at Liberty and (2) she has "knowledge of the nature and operation of retrospectively-rated insurance policies and plans, including those selected by the Defendant in this case." (Viola Aff. (Dkt. Entry 63) ¶ 2.)

In paragraph four, Viola explains that retrospectively-rated insurance policies are adjusted annually, without limit, after the expiration of the policy period based on the claims submitted by the insured's injured workers. (Id. ¶ 4.) She also explains why an insured may prefer a retrospective premium policy over a standard insurance policy. (Id.)

In paragraph five, Viola notes that Muskin selected retroactive rating plans for all but one of its insurance policies. (Id. ¶ 5.) She then explains the relevant factors used to calculate insurance premiums. (Id.) In paragraph six, Viola uses the 1994 insurance policy as an example to explain the factors discussed in paragraph five. (Id. ¶ 5.)

In paragraph seven, Viola certifies that exhibit two attached to her affidavit accurately

---

[1] Regrettably, Muskin has not cited a single case in support of its conclusory arguments for striking evidence.

describes amounts due by Muskin under the policies and explains how the numbers were calculated. (Id. ¶ 6.) She also attests that exhibit three accurately details the computation for the Eleventh Retrospective Adjustment to the 1994 policy. (Id.)

In paragraph eight, Viola states that she "personally examined the insurance policies and the retro plans at issue in this litigation, and verified that the calculations in Exhibit '2' were performed pursuant to the retrospectively rated policies and the plans, and are accurate." (Id. ¶ 8.) She also verified the amount owed by Muskin to Liberty. (Id.)

> Under Rule 701 of the Federal Rules of Evidence, a lay witness' testimony:
>
>> in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

It is clear that Viola meets the requirement for personal knowledge as she "personally examined the insurance policies and the retro plans at issue in this litigation." (Viola Aff. (Dkt. Entry 63) ¶ 8.)

Muskin appears to be asserting that the statements are not "helpful" under the second requirement of Rule 702, because contract law dictates that it is not proper for the Court to consider the statements in interpreting the policies. Initially, it should be noted that the statements contained in paragraphs two, seven, and eight do not address the terms of the

3

contract, but set forth Viola's personal knowledge of the polices, her experience with retrospectively-rated policies, and the premium amount Liberty alleges Muskin owes. These statements do not constitute impermissible extrinsic evidence under contract law, and are helpful in determining Viola's foundation for presenting evidence and the damages sought by Liberty.

While Muskin is correct that it would be improper to consider the statements in paragraphs four through six in ascertaining the intent of the parties if the Court concludes that the terms of the insurance policies are clear and unambiguous, the statements may be relevant (and helpful) if the Court concludes that the written contract between the parties is ambiguous. See Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004) (reviewing contract law in Pennsylvania and the admissibility of extrinsic evidence). On this point, it is significant that Muskin argues that the policies are "hopelessly vague and ambiguous" in its brief in opposition to Liberty's motion for summary judgment. (Def.'s Br. Opp. Summ. J. (Dkt. Entry 69) at 3.)

The statements may also be helpful to other issues, such as whether the parties agreed to terminate the policies. Accordingly, the Court finds that the testimony is helpful under Rule 701, but will not consider the statements in ascertaining the intent of the parties if the terms of the insurance policies are found to be clear and unambiguous.[2]

Lastly, Muskin asserts that the statements made by Viola may only be made by an expert

---

[2] Similarly, the Court finds that Viola's statements are relevant, but may not be considered in ascertaining the intent of the parties if the terms of the insurance policies are found to be clear and unambiguous.

4

witness under requirement (c) of Rule 702.  The testimony, however, is permissible testimony under Rule 701 as it is based on Viola's own "perceptions and knowledge and participation in the day-to-day affairs of [the] business." United States v. Munoz-Franco, 487 F.3d 25, Nos. 04-1532, 04-1533, 04-1534, 04-1535, 2007 WL 1470655, at *6 (1st Cir. May 22, 2007) (quoting United States v. Polishan, 336 F.3d 234, 242 (3d Cir. 2003)) (alteration in original); Williams Enters., Inc. v. Sherman R. Smoot Co., 938 F.2d 230, 233-34 (D.C. Cir.1991)(allowing an insurance broker who had personal knowledge of an insured's business to offer lay opinion testimony on the cause of an increase in the insured's premiums, even though broker may have applied his specialized knowledge in expressing opinions).  Consequently, the Court will not preclude Viola's statements as impermissible opinion testimony by a lay witness.

Alternatively, Muskin argues that Liberty has failed to lay a foundation for Viola's statements.  As noted above, Viola has "personally examined" the insurance policies at issue and has experience working with retrospectively-rated insurance policies. (Viola Aff. (Dkt. Entry 63) ¶¶ 2, 8.).  She therefore has established a sufficient basis for her statements, and the Court will not strike her statements.

### 2. The Exhibits Attached to Viola's Affidavit

Muskin objects to consideration of the three exhibits attached to Viola's affidavit on the grounds that they are not authenticated, lack foundation, and constitute inadmissible hearsay.  In Viola's affidavit, she states that Exhibit 1 are "true copies" of each "WC Dividend Plan

Confirmation for Retrospective Policy" signed by Muskin.  (Viola Aff. (Dkt. Entry 63) ¶ 5.)  In regards to the second exhibit, Muskin's account statement, Viola states that it "accurately describes the adjustment activity pursuant to the insurance policies issued to Muskin," accurately indicates the current amount due from Muskin pursuant to the policies issued to Muskin," all the calculations in the exhibit "were performed by Liberty Mutual," and she personally verified the calculations and found them accurate  (Id. ¶¶ 7-8.)  Finally, Viola states that Exhibit 3 is "[a] true copy of the Eleventh Retrospective Adjustment of the 1994 policy . . . [which] accurately details the computation of this adjustment."  (Id. ¶ 7.)  These statements, combined with evidence of Viola's background at Liberty, sufficiently support a finding that the exhibits have a sufficient foundation and are authentic under the requirements of Rule 901 of the Federal Rules of Evidence.  See McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir. 1985) (noting "[t]he burden of proof for authentication is slight").

Muskin does not provide the basis for its hearsay argument.  Nonetheless, the Court is convinced the exhibits meet the requirements of the business records exception to the hearsay rule as Viola's affidavit indicates the records were "kept in the course of a regularly conducted business activity."  Fed. R. Evid. 803(6).

**3. Excerpts from the Retrospective Premium Endorsement and the Pennsylvania Workers Compensation Manual**

Finally, Muskin seeks exclusion of the Retrospective Premium Endorsement and the

Pennsylvania Workers Compensation Manual attached as exhibits A and B, respectively, to Muskin's motion for summary judgment on the grounds that they are not authenticated and constitute inadmissible hearsay.  Exhibit A is simply excerpts from the policy agreements submitted with the complaint and certified as true copies at that time, and thus, meet the authentication requirements of Rule 901.  (See Compl. (Dkt. Entry 1) ¶ 5.)  The document also meets the requirements of the business records exception to the hearsay rule as records "kept in the course of a regularly conducted business activity."  (See Compl. Ex. A1 (Dkt. Entry 1) (certifying that the policies were retrieved from Liberty's files).)

Counsel for Liberty authenticated exhibit B by affidavit dated May 31, 2006.  (Dkt. Entry 63.)  Moreover, the exhibit meets the public records exception to the hearsay rule under Rule 803.  Consequently, the Court will not strike exhibits A and B attached to Liberty's motion for summary judgment.

**NOW, THEREFORE**, for the reasons set forth above, **IT IS HEREBY ORDERED THAT** Muskin's motion to strike evidence (Dkt. Entry 67) is  **DENIED**.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie
                                              United States District Judge